IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
ENTERED
JAN 3 1 2007
Michael N. Milby, Clerk of Court
By Deputy Clerk

| | | |
|---|---|---|
| BARBER AUTO SALES, INC., | § § § | |
| Plaintiff, | § § | |
| v. | § § | CIVIL ACTION NO. B-06-132 |
| WESLACO FORD-MERCURY LLP, | § § § | |
| Defendant. | § | |

### OPINION & ORDER

BE IT REMEMBERED that on January 30, 2007, the Court considered Counter-Defendant's, Barber Auto Sales, Motion & Memorandum in Support of Motion to Dismiss for Failure to Properly Plead Pursuant to FRCP 9, Dkt. No. 7, and Defendant/Counter-Plaintiff's Response to Motion to Dismiss for Failure to Properly Plead Pursuant to FRCP 9, Dkt. No. 10.

### I. Background

Plaintiff Barber Auto Sales, Inc. ("Barber") filed suit against Defendant Weslaco Ford-Mercury LLP ("Weslaco") alleging causes of action for breach of contract, fraud, fraudulent inducement, and promissory estoppel regarding a series of vehicle trade transactions from May 2006 through July 2006. Dkt. No. 1. In its answer, Weslaco filed counterclaims against Barber for breach of contract, fraud, and fraudulent inducement concerning the same series of transactions. Dkt. No. 5. In response to Weslaco's counterclaims, Barber filed the instant motion, asking the Court to dismiss Weslaco's counterclaims of fraud and fraudulent inducement on the basis that Weslaco failed to properly plead those counterclaims pursuant to Federal Rules of Civil Procedure 9(b) and 9(g). Dkt. No. 7. Weslaco subsequently responded to Barber's motion to dismiss. Dkt. No. 9.

## II. Standard

A motion to dismiss for failure to satisfy Federal Rule of Civil Procedure 9(b) is treated the same as a Rule 12(b)(6) motion to dismiss. *Lovelace v. Software Spectrum, Inc.*, 78 F.3d 1015, 1017 (5th Cir. 1996). Thus, the non-conclusory allegations contained in the pleading are accepted as true. *Id.* In a Rule 9(b) examination, a court does not address the merits of a claim of fraud, but instead only determines whether the claim satisfies the requirements of Rule 9(b). *Daldav Assoc., L.P. v. Lebor*, No. Civ.A. 3:02-CV-2697, 2004 WL 728367, *5 (N.D. Tex. 2004).

Federal Rule of Civil Procedure 9 governs the proper methods for pleading special matters. Rule 9(b) requires that "[i]n all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity." Under Fifth Circuit law, in order for the requirements of Rule 9(b) to be satisfied, a party must specifically designate the statements alleged to be fraudulent, identify the speaker who uttered the statements, declare the location and dates of the statements, and express why the statements constitute fraud. *Southland Sec. Corp. v. INSpire Ins. Solutions, Inc.*, 365 F.3d 353, 362 (5th Cir. 2004) (citing *Williams v. WMX Technologies, Inc.*, 112 F.3d 175, 177–178 (5th Cir. 1997) (stating that the "time, place and contents of the false representations" and the identity of the speaker and what the speaker received as a result need to be pled and quoting *Tuchman v. DSC Communications Corp.*, 14 F.3d 1061, 1068 (5th Cir. 1994))). In short, a pleading must state the "who, what, where, and when" of the allegation of fraud. *Williams*, 112 F.3d at 178. However, these general details alone are not enough to satisfy the pleading requirements of Rule 9(b). *Tigue Inv. Co., Ltd., v. Chase Bank of Tex., N.A.*, No. Civ.A.3:03 CV 2490 N., 2004 WL 3170789, *1 (N.D. Tex. 2004). General allegations of fraud that combine multiple defendants over numerous months of time and various locations, although they may meet the "who, what, where and when" requirements, are not specific enough to fulfill Rule 9(b). *Id.* However, "[w]hat constitutes 'particularity' will necessarily differ with the facts of each case." *Benchmark Electronics, Inc. v. J.M. Huber Corp.*, 343 F.3d 719, 724 (5th Cir. 2003) (quoting *Guidry v. Bank of LaPlace*, 954 F.2d 278, 288 (5th Cir. 1992)).

Rule 9(g) requires that "[w]hen items of special damage are claimed, they shall be

specifically stated." Federal courts and Texas courts have held that damages alleged as results of breach of contract and fraud claims are considered general damages. Am. Realty Trust, Inc. v. Matisse Capital Partners, LLC, No. Civ.A.3:00cv1801-G, 2001 WL 1343765, *2 (N.D. Tex. 2001) (citing NTBS Storage and Retrieval, Inc. v. Kardex Sys., Inc., No. CIV.3:98CV0996-M, 2001 WL 238110, *1 (N.D. Tex. 2001) and Formosa Plastics Corp. USA v. Presidio Engineers and Contractors, Inc., 960 S.W.2d 41, 49 (Tex. 1998)). This includes benefit of the bargain damages and out of pocket expenses. Id.

However, if a pleading fails to meet the specificity requirements of Rule 9(b), the party claiming fraud should be given an opportunity to re-plead its cause of action. Hart v. Bayer Corp., 199 F.3d 239, 248, n.6 (5th Cir. 2000); see Cates v. Int'l Tel. and Tel. Corp., 756 F.2d 1161, 1180 (5th Cir. 1985). Automatic dismissal is only recommended when the deficiency is incurable or the party has been given previous chances to amend its complaint. Hart, 199 F.3d at 248; see Hosea v. Ameriquest Mortgage Co., Civil Action No. H-06-434, 2006 WL 3487118, *1 (S.D. Tex. 2006) (noting that plaintiff had been given an opportunity to re-plead her complaint after the court had found that her claims of fraud did not satisfy Rule 9(b)); see also Tigue, 2004 WL 3170789 at *1.

## III.   Analysis

In its answer to Barber's complaint, Weslaco included a counterclaim against Barber for allegedly committing fraud against Weslaco. Dkt. No. 5. Specifically, Weslaco averred that Barber's agent, Brad West, knowingly offered Weslaco's sales manager units below wholesale market price and offered to buy units at a price higher than their real value. Dkt. No. 5, at 9. Thereafter, Barber began to deliver units to Weslaco that were overpriced and inappropriate for sale in Weslaco's market. Id. Furthermore, Weslaco claims that Brad West agreed to repurchase units from Weslaco that remained unsold, but Barber subsequently failed to repurchase the units as agreed. Id. at 9–10. Weslaco maintains that Barber's actions have caused it to suffer damages due to lost wholesale costs, lost profits, and charges incurred as a result of responding to Barber's actions. Id. at 10–11.

The Court finds that Weslaco's claim of fraud against Barber is insufficient to satisfy the pleading requirements of Federal Rule of Civil Procedure 9(b). Weslaco has only

fulfilled one of the required components of a sufficient claim of fraud, as it has identified the speaker of the allegedly fraudulent statement. Dkt. No. 5, at 9–10. However, Weslaco has failed to properly plead the remaining components of its fraud claim with specificity. Although Weslaco gives a general indication of Barber's fraudulent statements, it does not state the content of the statements with detailed particularity. See *Daldav*, 2004 WL 728367 at *5. Additionally, Weslaco does not identify a specific occasion when the statements were allegedly made. In its reply to the instant motion, Weslaco maintained that it satisfied the "when" and "where" requirements of the fraud claim by stating that the fraud occurred "during the course of dealings between the parties." Dkt. No. 10, at 2. This assertion does not meet Rule 9(b)'s requirements of particularity. Weslaco did not plead either the date or location where the alleged statements were made. Even considering that the actions at issue in the present case are alleged to have occurred over a two-month period in 2006, this fact does not raise Weslaco's claim to a sufficient level of particularity. See *Tigue*, 2004 WL 3170789 at *1–2 (holding that a claim for fraud stating misrepresentations were made "in the early months of 2000" in "multiple meetings at [defendant's] offices in Arlington and Dallas, Texas" did not satisfy Rule 9(b)). Additionally, the Court finds that Weslaco's claimed damages are general damages because Weslaco has claimed losses in the form of lost costs and profits. *Am. Realty Trust, Inc.*, 2001 WL 1343765 at *2. Thus, Weslaco is not required to claim these losses specifically, as they are not the kind of special damages that fall within the scope of Federal Rule of Civil Procedure 9(g).

The Court finds that Weslaco should be given an opportunity to re-plead its claims of fraud and fraudulent inducement with the required level of specificity. Weslaco has not presented an completely incurable claim nor has it been given a previous opportunity to amend its pleadings. Therefore, the Court will grant Weslaco leave to cure its deficient claim.

## IV.   Conclusion

Based on the foregoing, the Court **ORDERS** Defendant Weslaco Ford-Mercury LLP to amend its pleading so as to re-plead its causes of action of fraud and fraudulent

inducement with particularity, as required by Federal Rule of Civil Procedure 9(b). Weslaco shall amend its pleading within 20 days of the date of this Opinion & Order. Accordingly, the Court **DENIES** Counter-Defendant's, Barber Auto Sales, Motion & Memorandum in Support of Motion to Dismiss for Failure to Properly Plead Pursuant to FRCP 9. Dkt. No. 7.

DONE at Brownsville, Texas, this 30 day of January, 2007.

Hilda G. Tagle
United States District Judge