IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
ENTERED

JUN 29 2007

Michael N. Milby, Clerk of Court
By Deputy Clerk

| | | |
|---|---|---|
| **BARBER AUTO SALES, INC.,** | § § § | |
| Plaintiff, | § § | |
| v. | § § | CIVIL ACTION NO. B-06-132 |
| **WESLACO FORD-MERCURY LLP,** | § § § | |
| Defendant. | § | |

## OPINION & ORDER

BE IT REMEMBERED that on June ___, 2007, the Court **GRANTED** the parties' Joint Motion for Extension of Time to File Dispositive Motions. Dkt. No. 23.

An extension of the deadline to file dispositive motions constitutes a modification of the Court's scheduling order. Amendment of a court's scheduling order is governed by the Federal Rules of Civil Procedure. "Both Rule 16 and the Reform Act clearly establish that district judges are under an obligation to manage civil cases to ensure, in part, their speedy resolution." Chiropractic Alliance of N.J. v. Parisi, 164 F.R.D. 618, 621 (D.N.J. 1996). Under Rule 16, "[a] schedule shall not be modified except upon a showing of good cause and by leave of the district judge." FED. R. CIV. P. 16(b).

"The 'good cause' standard focuses on the diligence of the party seeking an extension of pretrial deadlines." Alton Crain v. Texas Can!, 2005 U.S. Dist. LEXIS 17111, *4 (N.D. Tex. 2005) (citation omitted); see also Trustmark Ins. Co. v. Gen. & Cologne Life Re of Am., 2005 U.S. App. LEXIS 19698, *28 (7th Cir. 2005) ("Rule 16(b)'s 'good cause' standard primarily considers the diligence of the party seeking amendment." (quoting Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 609 (9th Cir. 1992))). Absence of prejudice to the non-moving party is not sufficient to establish good cause. See Alton Crain, 2005 U.S. Dist. LEXIS at *4; Jones v. J.C. Penney's Dep't Stores, Inc., 2005 U.S. Dist. LEXIS 17464, *4 (W.D.N.Y. 2005). Rather, the moving party must show that, despite

acting diligently, it was still (or will still be) unable to meet the deadline.

In the present case, Plaintiff and Defendant jointly seek to extend the deadline for filing dispositive motions from June 25, 2007 until a "date certain in September 2007." Dkt. No. 23. In support of their request, the parties state that they "have been working together to complete the discovery phase of this case," but they have not yet substantially completed discovery. *Id.* Because the parties require at least substantial completion of discovery in order to file dispositive motions, they ask the Court to extend the deadline for filing dispositive motions. *Id.*

The Court finds that the parties have acted diligently throughout the pretrial phase of this case. They have cooperated to complete discovery in a timely fashion, but despite such efforts they will not be able to substantially complete discovery so as to be able to meet the dispositive motion filing deadline. Therefore, the Court determines that good cause has been shown for the extension of time requested.

Based on the foregoing, the Court **GRANTS** the parties' Joint Motion for Extension of Time to File Dispositive Motions. Dkt. No. 23. Accordingly, the Court **AMENDS** its Scheduling Order, Dkt. No. 12, as follows:

| | |
|---|---|
| Deadline for filing Dispositive Motions: | September 24, 2007 |
| Deadline for filing Joint Pretrial Order: | December 14, 2007 |
| Final Pretrial Conference: | January 3, 2008 at 1:30 p.m. |
| Jury Selection: | January 7, 2008 at 9:00 a.m. |

DONE at Brownsville, Texas, this ___ day of June, 2007.

_____
Hilda G. Tagle
United States District Judge